IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ELIZABETH K. MARSHALL,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>CITYWIDE HOME LOANS and SUNTRUST MORTGAGE, INC.,<br><br>　　　　　　Defendants. | ORDER AND<br><br>MEMORANDUM DECISION<br><br><br><br>Case No. 2:11-cv-282 |

　　　　In December 2007, Plaintiff Elizabeth K. Marshall obtained a loan from Defendant SunTrust Mortgage Inc.'s (SunTrust's) predecessor-in-interest, Citywide Home Loans. In September 2010, Ms. Marshall purported to rescind her loan due to alleged violations of the Truth in Lending Act (TILA). SunTrust, after reviewing Ms. Marshall's file and finding that no TILA violations had occurred, denied Ms. Marshall's attempt at rescission. Ms. Marshall then filed this lawsuit in March 2011, over three years after she obtained her loan. Ms. Marshall alleges various violations of TILA and the Real Estate Settlement Procedures Act (RESPA), as well as state law claims for quiet title and slander of title.

　　　　SunTrust has filed a motion for summary judgment (Dkt. No. 11) in which it argues that these claims should fail as a matter of law. In her response to SunTrust's motion, Ms. Marshall opposes only SunTrust's argument about whether Ms. Marshall's right to rescind under TILA has been barred. While Ms. Marshall has stipulated to the dismissal of her other claims without

prejudice, she may not voluntarily dismiss these claims after SunTrust has filed for summary judgment. See Fed. R. Civ. P. 41(a)(1)(A) & (a)(2) (stating that dismissal requiring court order shall be made "on terms the court considers proper").  Having thoroughly reviewed SunTrust's arguments, and for the reasons stated in SunTrust's memorandum in support of its motion, the court GRANTS summary judgment in SunTrust's favor for Ms. Marshall's claims of quiet title, slander of title, violations of RESPA, and damages under TILA.  These claims are dismissed WITH PREJUDICE.

The court also GRANTS Suntrust's motion for summary judgment for Ms. Marshall's claim of rescission under TILA.  The Tenth Circuit has recently ruled that 15 U.S.C. § 1635(f) requires that a plaintiff file a rescission claim under TILA within three years from the date when she signed her loan contract: "[N]otice, by itself, is not sufficient to exercise (or preserve) a consumer's right of rescission under TILA.  The commencement of a lawsuit within the three-year TILA repose period [is] required."  Rosenfield v. HSBC Bank, USA, No. 10-1442, 2012 WL 2087193, at *11 (10th Cir. June 11, 2012).  Ms. Marshall does not dispute that, while she gave notice of her intent to rescind before December 2010 (in other words, within three years after she took out her loan), she did not commence this suit until March 2011.  As a result, her claim for rescission under TILA is barred.

For the reasons stated above, the court GRANTS SunTrust's motion for summary judgment and orders the Clerk of the Court to close the case.

SO ORDERED this 21st day of June, 2012.

                        BY THE COURT:

                        _____

                        TENA CAMPBELL
                        United States District Judge